UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY PAGLIARA, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF CLUB BRITTANY AT PARK SHORE, INC.,

Plaintiff,

v.

Case No. 2:25-cv-507-KCD-DNF

DAN DUNGAN,

Defendant.

______________________________/

**ORDER**

Plaintiff Timothy Pagliara originally filed this case against his homeowners' association, Club Brittany at Park Shore, Inc., to contest "recurring failure[s] to maintain condominium property" and fiscal mismanagement. (Doc. 1 at 1.)[1] He then amended the complaint, dropping Club Brittany as the defendant and adding its president, Dan Dungan. (Doc. 21.) Pagliara is now pursuing a derivative action *on behalf of* Club Brittany under Fla. Stat. § 617.07401. (*Id.* at 6.) He claims that Dungan breached "his fiduciary duties, both to Club Brittany . . . and its residents[.]" (Doc. 21 at 1.)

Dungan moves to dismiss the complaint. (Doc. 29.) He argues, among other things, that Pagliara's decision to convert this case to a derivative

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

action has destroyed the basis for federal jurisdiction. The Court agrees, and so this case can proceed no further. *See McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) ("If subject-matter jurisdiction does not exist, dismissal must be without prejudice.").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pagliara's claims all arise under Florida law. So to bring this dispute in federal court, he is claiming diversity jurisdiction. (Doc. 21 ¶ 11.) The party seeking federal jurisdiction must prove, by a preponderance of the evidence, facts supporting its existence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "If the plaintiff fails to shoulder that burden, the case must be dismissed." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016).

Diversity jurisdiction is triggered when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *Hambrick v. Wal-Mart Stores E., LP*, No. 4:14-CV-66 CDL, 2014 WL 1921341, at *1 (M.D. Ga. May 14, 2014). Pertinent here, there must be "complete diversity; every plaintiff must be diverse from every defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

There was complete diversity when Pagliara first filed this case. He is a citizen of Tennessee, while Club Brittany is incorporated in Florida. (*See* Doc. 21 ¶ 7, Doc. 35.) But the amended complaint now includes Dungan, who is also a Florida citizen. And since this is a derivative action, Club Brittany is technically a plaintiff. *See Qatalyst Inc. on behalf of Expect Quest, LLC v. Pipes.AI, LLC*, No. 25-11396, 2025 WL 3124894, at *2 (11th Cir. Nov. 7, 2025) ("The general rule is that in derivative actions, the corporation is properly realigned as a plaintiff since it is the real party in interest."). So there is no longer complete diversity—you have Florida citizens on both sides of the case.

To avoid this result, Pagliara argues that Club Brittany should be treated as a defendant. (Doc. 36 at 6.) To be sure, "federal courts are required to realign the parties in an action to reflect their interests in the litigation." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). But realigning a corporate party in a derivative action, as Pagliara seeks here, is only appropriate "where the corporation has been found to be actively antagonistic to the plaintiff's interests." *Duffey v. Wheeler*, 820 F.2d 1161, 1163 (11th Cir. 1987). There is no proven antagonism here. Pagliara is suing Dungan in his personal capacity for breaching *his* fiduciary duties. There are no claims against anyone else. And there are no allegations Pagliara's lawsuit is facing resistance from the rest of Club Brittany's board, who control the association by majority vote. (Doc. 21-2); *see, e.g.*, *Mitchell v.*

*Hartman*, No. 2:05-CV-0844-LSC, 2008 WL 11423968, at *2 (N.D. Ala. July 17, 2008) (declining realignment where "[a]ntagonism by controlling management to Plaintiff's lawsuit has not been shown").

Pagliara insists that antagonism is present where the complaint "alleges that the controlling shareholders or dominant officials of the corporation are guilty of fraud or malfeasance." (Doc. 36 at 6.) And here, "the Complaint alleges that [Dungan], the President of the Board, committed fraud." (*Id.*) While the Court agrees with Pagliara's statement of the law, *see Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir. 1983), it does not apply here. Dungan is not a controlling shareholder. Nor can he be considered a dominant official since Club Brittany is controlled by a board with equal votes, and the complaint says nothing further about his authority to oppose this case over the board. (*See* Doc. 21-1.)

Active antagonism exists, according to the Eleventh Circuit, "where it is plain that the [claimant] and those who manage the corporation are completely and irreconcilably opposed." *Duffey*, 820 F.2d at 1163. The record lacks sufficient facts to reach that conclusion here. The board of directors controls Club Brittany. As to them, the complaint alleges Pagliara sent a grievance letter, which received no response. Notably, the letter *did not* request that the board pursue legal action against Dungan. These facts show,

at most, "mere inaction," which is "not equivalent to antagonism." *Duke & Benedict, Inc. v. Wolstein*, 826 F. Supp. 1413, 1416 (M.D. Fla. 1993).

Boiled down, Pagliara has not shown that the board is hostile to his claims or unwilling to support them. And since Pagliara is suing Dungan for duties owed to the association, the association's interests are best aligned as a plaintiff. While there may indeed be facts that would make realignment proper, they have not been sufficiently alleged here. *See Duffey*, 820 F.2d at 1163 ("[R]etaining the corporation as a party defendant in a shareholder's derivative action is an exception to the general rule that the corporation is properly realigned as a plaintiff since it is the real party in interest.").

On last point. Since the Court is without jurisdiction, it need not (and will not) address Dungan's substantive arguments concerning the complaint. *Ee, e.g.*, *Liedel v. Juv. Ct. of Madison Cnty., Ala.*, 891 F.2d 1542, 1547 n.8 (11th Cir. 1990) ("Because the district court lacked jurisdiction over this complaint, it should not have considered the merits of the plaintiffs' claims.").

For these reasons, Dungan's motion to dismiss (Doc. 29) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted insofar as it challenges this Court's jurisdiction, and consequently, Pagliara's amended complaint is dismissed without prejudice. The motion is otherwise denied. The Clerk is directed to cancel all remaining deadlines, terminate all other pending motions, and close the case.

**ORDERED** in Fort Myers, Florida on December 16, 2025.

Kyle C. Dudek
United States District Judge